FILED
CLERK, U.S. DISTRICT COURT
2/11/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:22-cr-00036-MWF |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 248(a)(1): Forcible Interference and Attempted Forcible Interference with the Obtaining and Provision of Reproductive Health Services; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| RICHARD ROYDEN CHAMBERLIN, | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Planned Parenthood was a well-known multi-state women's health provider that was affiliated with a clinic located in Pasadena, California, within the Central District of California ("Planned Parenthood").

2. Planned Parenthood provided a wide range of health, wellness, and education services to the community, including

vaccinations, preventative care appointments, mammograms, pregnancy testing, and counseling.

3. Among Planned Parenthood's services, Planned Parenthood publicly offered patients with reproductive health services, including medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

4. These Introductory Allegations are incorporated into Counts One through Three of this Indictment.

COUNT ONE

[18 U.S.C. § 248(a)(1)]

On or about March 30, 2021, in Los Angeles County, within the Central District of California, defendant RICHARD ROYDEN CHAMBERLIN, by force and threat of force, intentionally intimidated and interfered with Planned Parenthood, a women's health clinic, and the patients of Planned Parenthood, because Planned Parenthood was and had been providing and because such patients were and had been obtaining reproductive health services, and in order to intimidate Planned Parenthood and its patients from providing and obtaining reproductive health services.  Specifically, defendant CHAMBERLIN fired multiple pellets from a BB gun at Planned Parenthood during a time that it was open, occupied, and servicing clients.

COUNT TWO

[18 U.S.C. § 248(a)(1)]

On or about May 7, 2021, in Los Angeles County, within the Central District of California, defendant RICHARD ROYDEN CHAMBERLIN, by force and threat of force, intentionally intimidated and interfered with Planned Parenthood, a women's health clinic, and the patients of Planned Parenthood, because Planned Parenthood was and had been providing and because such patients were and had been obtaining reproductive health services, and in order to intimidate Planned Parenthood and its patients from providing and obtaining reproductive health services. Specifically, defendant CHAMBERLIN fired multiple pellets from a BB gun at Planned Parenthood during a time that it was open, occupied, and servicing clients.

COUNT THREE

[18 U.S.C. § 248(a)(1)]

Between on or about June 2020 and on or about May 7, 2021, in Los Angeles County, within the Central District of California, defendant RICHARD ROYDEN CHAMBERLIN, by force and threat of force, intentionally attempted to injure, intimidate, and interfere with Planned Parenthood, a women's health clinic, and the patients of Planned Parenthood, because Planned Parenthood was and had been providing and because such patients were and had been obtaining reproductive health services, and in order to intimidate Planned Parenthood and its patients from providing and obtaining reproductive health services.  Specifically, defendant CHAMBERLIN fired multiple pellets from a BB gun at Planned Parenthood.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about May 7, 2021, in Los Angeles County, within the Central District of California, defendant RICHARD ROYDEN CHAMBERLIN knowingly possessed a firearm, namely, a Phoenix Arms, model HP22, .22 caliber pistol, bearing serial number 4203784, and 10 rounds of Federal Cartridge Company .22 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant CHAMBERLIN possessed such firearm knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Attempted Transportation of a Narcotic Drug for Sale, in violation of Arizona Revised Statute Sections 13-1001, 13-3408(A)(7), 13-3408(B)(7), 13-3408(D), 13-3401, 13-701, 13-702, and 13-801, in the Superior Court of the State of Arizona, Navajo County, case number S0900CR201100907, on or about November 5, 2012.

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about January 28, 2022, in Los Angeles County, within the Central District of California, defendant RICHARD ROYDEN CHAMBERLIN knowingly possessed the following ammunition, in and affecting interstate and foreign commerce:

1. 1732 rounds of Armscor .22 caliber ammunition;
2. 794 rounds of Federal Cartridge .22 caliber ammunition;
3. 790 rounds of Winchester .22 caliber ammunition;
4. 650 rounds of Remington .22 caliber ammunition;
5. 643 rounds of Cascade Cartridge .22 caliber ammunition;
6. 372 rounds of Wolf 7.62mm caliber ammunition;
7. 160 rounds of Barnaul 7.62mm caliber ammunition;
8. 152 rounds of Federal Cartridge 12-gauge shotgun ammunition;
9. 150 rounds of Tulammo .40 caliber ammunition;
10. 120 rounds of Cascade Cartridge .40 caliber ammunition;
11. 107 rounds of Winchester 12-gauge shotgun ammunition;
12. 100 rounds of Tulammo 7.62mm caliber ammunition;
13. 64 rounds of Winchester .40 caliber ammunition;
14. 44 rounds of Hy Score .22 caliber ammunition;
15. 20 rounds of Western Cartridge 5.56mm caliber ammunition;
16. 19 rounds of Hornady .308 caliber ammunition;
17. 18 rounds of Western Cartridge .22 caliber ammunition;
18. 17 rounds of Cascade Cartridge 9mm caliber shot shell ammunition;
19. Three rounds of Pobjeda-Gorazde .22 caliber ammunition;
20. One round of Winchester .25 caliber ammunition;

21.   One round of Winchester .270 caliber ammunition;

22.   One round of Winchester .30 caliber ammunition;

23.   One round of Winchester .357 caliber ammunition;

24.   One round of Israeli Military Industries 9mm caliber ammunition.

Defendant CHAMBERLIN possessed such ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Attempted Transportation of a Narcotic Drug for Sale, in violation of Arizona Revised Statute Sections 13-1001, 13-3408(A)(7), 13-3408(B)(7), 13-3408(D), 13-3401, 13-701, 13-702, and 13-801, in the Superior Court of the State of Arizona, Navajo County, case number S0900CR201100907, on or about November 5, 2012.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Four or Five of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    a.  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    b.  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

9

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and
Civil Rights Section

FRANCES S. LEWIS
Assistant United States Attorney
Deputy Chief, General Crimes
Section